**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JONATHON HUTSON,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA HARBOR BELT RAILWAY CO.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:25-cv-302-AZ |

# <u>OPINION AND ORDER</u>

This matter is before the Court on Defendant's Motion for Discovery Ruling [DE 31], filed on October 30, 2026. On November 5, 2026, Plaintiff filed a response, DE 34, and on November 12, Defendant filed a reply. DE 36. As discussed below, the Court will grant Defendant's motion in part and deny it in part. The Court will also deny Defendant's request for a hearing on its motion [DE 37] as moot.

## Background

Plaintiff's complaint is sparse on details and the parties do not provide much additional factual context in their briefs. To summarize, Plaintiff was employed as a conductor with Indiana Harbor, a railroad company. DE 1 (Compl.) ¶ 4. Plaintiff alleges that on January 31, 2024, he was injured on the job while working at Indiana Harbor's Michigan Avenue Yard located in East Chicago, Indiana. *Id.* at ¶ 7. He alleges that he was injured "while dismounting a locomotive … due to unsafe ground/ballast condition[s] when the ballast shifted as he stepped down." *Id.* at ¶ 8. He alleges that his injuries were the result of his employer's negligence and failure

to maintain a reasonably safe workplace. *Id.* at ¶ 11. He has sued Indiana Harbor under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*.

Defendant served interrogatories and requests for production on Plaintiff in December 2025. It sought, among other things, answers and records relating to Plaintiff's social media accounts, cellphone communications, and sources of litigation funding. Plaintiff responded to that discovery in March 2026, objecting to much of it, including the specific items at issue here. Six months later, on September 24, 2026, Defendant wrote Plaintiff a letter regarding Plaintiff's objections and attempted to reach a compromise prior to Plaintiff's deposition. Plaintiff rebuffed those efforts with a single line response on October 2, 2026, stating "We will stand on our objections." DE 31-6 at 2. Defendant then brought this motion in accordance with the Court's standing practice for resolving discovery disputes.

**Discussion**

The Federal Rules of Civil Procedure succinctly summarize the scope of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Rule 26(b)(1) does not require that the information be 'dispositive' of the action for it to fall within the permissible scope of discovery." *Dees*

*v. Davis*, 2023 WL 5217107, at *4 (N.D. Ind. Aug. 15, 2023); *Coleman v. Illinois*, 2020 WL 5752149, at *3 (N.D. Ill. Sept. 25, 2020) ("[B]ecause the purpose of discovery is to help define and clarify the issues, relevance is to be construed broadly."). When "relevance is in doubt, courts should err on the side of permissive discovery." *Doe v. Loyola Univ. Chi.*, 2020 WL 406771, at *2 (N.D. Ill. Jan. 24, 2020). But even relevant discovery must still be balanced against its burden to ensure it is "proportional to the needs of the case," including relevant privacy concerns and reasonable limitations. Fed. R. Civ. P. 26(b)(1).

**1. Plaintiff's Social Media**

Defendant sought complete access to the entirety of Plaintiff's social media accounts for a period of several years without any topical limitation. As discussed below, both parties could likely have saved themselves and the Court time by limiting the initial request or agreeing to produce along the lines of what was previously ordered by another magistrate judge in this district in a similar type of case and discovery dispute involving the same counsel.

Here's what Defendant asked for:

> **Integratory 19 asks**: If you have used, visited, or participated in or on any social media platform or service (including but not limited to Facebook, X (formerly known as Twitter), Instagram, Pinterest, Snapchat, Tumblr, WhatsApp, Reddit, Youtube, TikTok, LinkedIn, Discord, Twitch or similar) any time during the past five (5) years, state: the name of the social media platform or service; the date you first used the social media platform or service; the date you last used the social media platform or service; whether and during what period(s) you maintained an account, login, or sign-in for the social media platform or service; and all usernames or other identifying names

> (e.g. profile names) that you have used on the social media platform or service.
>
> **Request for Production No. 22 ask for**: A complete data download for each social media platform or service identified in your answers to interrogatories, that you used, visited, or participated in or on at any time from one year prior to the incident at issue to present. This data is your property and may be obtained and downloaded in its entirety as described on the social media platform or service's website. This request includes all posts, photographs, videos, comments, and other interactions, whether uploaded, posted, or otherwise added, during the foregoing dates, even if such posts, photographs, videos, comments, or other interactions are not currently posted because they have since been removed from your account.

DE 31-3 at 3; DE 31-4 at 5. While both are overly broad, and therefore reasonably objectionable, Plaintiff's responses to the interrogatory and request were equally unhelpful.

> **Plaintiff's Response to Interrogatory No. 19**: Plaintiff objects to this Interrogatory on the grounds of relevancy as well as Plaintiff's right to privacy. Further, this Interrogatory was not reasonably calculated to lead to the discovery of relevant or admissible evidence.
>
> **Plaintiff's Response to Request for Production No. 22**: Plaintiff objects to this Request on the grounds of relevancy as well as Plaintiff's right to privacy. Further, this Request was not reasonably calculated to lead to the discovery of relevant or admissible evidence.

DE 31-3 at 3; DE 31-4 at 5. Six months after receiving Plaintiff's responses, Defendant sent a letter explaining their position in reasonable detail supported with case law and offered to discuss the matter further in advance of coordinating a date for Plaintiff's deposition. DE 31-5. Defendant expressed a willingness to compromise and sought to meet-and-confer with Plaintiff about the discovery now before the Court. *E.g.*, DE 31-5 9/24/2026 R. 37 Ltr. ("If there is a genuine confidentiality concern about

a particular category of material, tell me what it is."); *id.* at 5 ("Here the pre-injury year is the baseline against which the claimed loss of normal life is measured, which is why the request is drawn as it is. If you want to talk about the window, call me and we will talk.").

The parties have differing accounts of how their meet-and-confer efforts transpired after that. Defendant attached an email to its motion in which Plaintiff responded he would "stand on his objections" without any further explanation or agreement to talk with Defendant. DE 31-6. Plaintiff, without referencing any written or oral conversation, purports he "indicated to the railroad that he would agree to follow the parameters set forth by Judge Martin in the *Arnold* case" and "the railroad rejected that offer and filed the instant motion." DE 34 at 1. The email cited by Defendant seems to contradict Plaintiff's account; but Defendant does not address this assertion in its reply brief, so the Court will not try to get to the bottom of how the parties' negotiation on this issue broke down.

In the *Arnold* case, the lawyers in this case litigated almost the same issue relatively recently before another magistrate judge in this same district. *Arnold v. Indiana Harbor Belt R.R. Co.*, No. 2:21-CV-266-PPS-JEM, 2024 WL 7108556 (N.D. Ind. Apr. 1, 2024). The Court agrees with that decision, and that in a personal injury case where a Plaintiff has put his pain and suffering, including a loss of enjoyment of life into dispute by seeking damages for it, his "social media content that may reveal information relevant to damages is discoverable under Rule 26." *Arnold*, 2024 WL 7108556, at *2. The Court also agrees that the *Arnold* decision reached a balanced

result when faced with overbroad discovery requests coupled with boilerplate objections:

> Cursory review of the interrogatory reveals that, as Plaintiff has objected, it is overbroad, requesting complete data downloads, not just postings made by Plaintiff. Plaintiff need not provide passwords, credit card numbers, facial recognition data or other similar private data. Similarly, information posted by Plaintiff regarding his opinions or information he shared that have nothing to do with his physical abilities need not be disclosed. Social media posts from the relevant time period, however, including photos that were current at the time they were posted and those that reflect travel or physical exertion on the part of Plaintiff should be provided, even posts that were marked private or have since been deleted. To the extent that Plaintiff has privacy concerns about the privacy of other people included in those posts, the parties may agree on a protective order to keep that information confidential.

2024 WL 7108556, at *2.

Accordingly, the Court will grant Defendant's motion as to Plaintiff's social media, albeit slightly modified from *Arnold*. Plaintiff must produce all posts, comments, *and messages* which relate to any injury of his, his physical abilities, and travel, as well as photographs that reflect travel or physical exertion for all of his social media accounts going back to January 1, 2023 (a year before the alleged accident) through the present. Privacy concerns of Plaintiff and third parties may be addressed through entry of a stipulated protective order, such as the one readily available for use on the Court's website at https://www.innd.uscourts.gov/content/magistrate-judge-abizer-zanzi, including use of an Attorney's Eyes Only designation for sensitive private material. If Plaintiff has additional concerns, Plaintiff's counsel (not Plaintiff himself) may spend the time reviewing Plaintiff's social media content to determine what is legally relevant and

in compliance with this Order, or he may produce complete downloads or files and shift that burden onto Defendant's counsel to do so.

**2. Litigation Funding and Cell Phone Records**

The second aspect of the parties' discovery dispute does not appear to be something the attorneys in this case have previously litigated against each other. And unlike the dispute regarding social media content, Plaintiff does not assert that he engaged in any meet-and-confer process other than making boilerplate objections and "stand[ing] on his objections." Here are the requests and responses at issue:

> **Interrogatory No. 21**: Identify any third-party funding, loans, advances, litigation financing, or other financial assistance you have received or expect to receive in connection with this lawsuit or the injuries alleged in your Complaint, including the name of the person or entity providing it and the nature of the arrangement.
>
> **Plaintiff's Response to Interrogatory No. 21**: Plaintiff objects to this interrogatory as it was not reasonably calculated to lead to the discovery of relevant, admissible evidence.
>
> **Request for Production No. 12**: Any and all agreements (including, but not limited to, settlements and covenants not to sue) you have entered into, or any other documents evidencing the payment of any money which has been or is to be paid to you or to anyone else on your behalf concerning the injuries you allege to have sustained in the incident referred to in your Complaint or concerning any loss or expense as a result of said incident.
>
> **Plaintiff's Response to Request for Production No. 12**: Plaintiff objects to this Request on the grounds of relevancy as well as Plaintiff's right to privacy. Further, this Request was not reasonably calculated to lead to the discovery of relevant or admissible evidence.
>
> **Request for Production No. 13**: Any cell-phone records, text messages, call logs, photographs, videos, data, or other electronically stored information from your mobile device that relate to the incident alleged in your Complaint, your activities at

> or near the time of the incident, your claimed injuries, or your physical condition, and provide an executed authorization permitting Defendant to obtain your cell-phone records directly from your cellular service provider for the period beginning seven (7) days before the incident through thirty (30) days after the incident.
>
> **Plaintiff's Response to Request for Production No. 13**: Plaintiff objects to this Request on the grounds of relevancy as well as Plaintiff's right to privacy. Further, this Request was not reasonably calculated to lead to the discovery of relevant or admissible evidence.
>
> **Request for Production No. 32**: Any and all documents relating to any third-party funding, litigation financing, loans, advances, medical factoring arrangements, or other financial assistance you have received or expect to receive in connection with this lawsuit or the injuries alleged in your Complaint.
>
> **Plaintiff's Response to Request for Production No. 32:** Plaintiff objects to this request as to relevancy.

DE 31-3; DE 31-4.

Regarding third party payments and litigation funding information, Defendant notes that Plaintiff was involved in an automobile accident after his alleged railroad injury. Plaintiff previously asked the Court to exercise supplemental jurisdiction over his claim against the other driver for that injury, but the Court denied his motion. *See* DE 21. Defendant did not provide a clear explanation for seeking this information in its motion or Rule 37 meet-and-confer letter, but it stated in its reply brief that it is only seeking litigation funding information to investigate bases for impeachment, *i.e.*, to ascertain whether Plaintiff may have made statements to third parties that contradict his claims in this lawsuit. DE 36 at 6. Plaintiff does not provide any explanation for objecting to this information or made no attempt to confer as required by Rule 37, which leaves the Court with little to work with. Plaintiff only cites a case

that is not squarely on point. DE 34 at 3 (citing *Dye v. City of Bloomington*, 2021 WL 8824876 (S.D. Ind. July 9, 2021)). In *Dye*, the district court stated in a footnote that "third-party lawsuit funding information is proportional discovery only if a non-speculative argument for its relevance is made." *Dye*, 2021 WL 8824876 n.2. Here, Defendant's explanation for seeking this information is non-speculative and Plaintiff has not made any argument as to burden or proportionality, which appears to be minimal. Thus, the Court finds at least some of this information to be fair game. Consistent with Defendant's explanation for seeking this information in its reply brief, the Court will order Plaintiff, in response to Interrogatory 21 and Request for Production 32, to identify the name of any third party funding this litigation (including the name of the contact persons at any such entity), the nature of any such arrangement, and any non-privileged written statements to any such third party regarding the facts or injuries alleged in this litigation.

Regarding Request for Production 12, Plaintiff states in his response brief that "State Farm has not paid anything "and [t]here is no other defendant or source of money for the car accident other than State Farm." DE 34 at 3. If that is the case, the time to provide that information was months ago in a formal response to Defendant's request for production. Accordingly, Plaintiff is ordered to supplement its response to Request for Production 12 with this information that the case has not settled and no payments have been made.

As for Request for Production 13, which seeks cell phone records and other data from Plaintiff's mobile device, the Court agrees that while there are potential privacy

concerns with such a request, some of this could be fair game in so far as it is connected to the alleged accident and Plaintiff's alleged injuries.

Accordingly, the Court will grant Defendant's motion as to Plaintiff's cell-phone records, namely text messages, call logs, photographs, videos, data, or other electronically stored information within his possession from his mobile device that relate the accident itself and any of his alleged injuries. The Court likewise agrees that Defendant's temporal limitation of one week before the alleged accident through 30 days after is reasonable and proportional. If Plaintiff does not possess any such information, he must formally say so in a supplemental response.

The Court will deny the request as to an authorization for Defendant to obtain records itself from Plaintiff's cell provider. Unlike with social media content, cell phone data from around the time of the accident does not seem like it could reasonably shed light on Plaintiff's pain and suffering-type damages beyond what the Court is ordering Plaintiff himself to produce. But the Court will deny this portion of the motion without prejudice. If Defendant learns something new in discovery or its investigation that makes phone records from around the time of the accident more apparently relevant (and therefore proportional to the needs of the case), it may renew its request.

**3. Defendant's Request for Fee Shifting**

Defendant seeks fee-shifting pursuant to Rule 37(a)(5) for the cost of bringing this motion. This is a situation where both sides share some of the blame. Defendant could have written more narrowly tailored discovery requests, and Plaintiff certainly

could have provided more than boilerplate objections. And while Defendant made some effort to try to reach a compromise with Plaintiff, and Plaintiff refused to engage in any sort of meet-and-confer on all of these issues, Defendant waited six months after Plaintiff served his discovery responses to do so. As such, the Court finds any award of attorney's fees unjustified under the circumstances.

## Conclusion

For the reasons discussed and as outlined herein, Defendant's Motion for Discovery Ruling [DE 31] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is **ORDERED** to respond with amended interrogatories and requests for production by **December 9, 2026** and produce the relevant documents by **January 8, 2027**. Because the Court was able to resolve this matter on the papers, Defendant's Motion to Set Discovery Dispute for Remote Hearing [DE 37] is **DENIED**. Defendant's request for costs pursuant to Rule 37(a)(5) is likewise **DENIED**.

So ORDERED this 23rd day of November 2026.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT